**Gayle L. SHAW d/b/a Shaw Marine Service, Plaintiff,**

v.

**The 46–FOOT CHRIS–CRAFT CAMELOT, her engines, tackle, riggings, appurtenances, in rem, and B. R. Hansen, in personam, Defendants.**

**Joel DIAMOND, Claimant and Third-Party Plaintiff,**

v.

**CHRIS–CRAFT OF SEATTLE, INC., et al., Third-Party Defendants.**

**No. C74–716.**

United States District Court,
W. D. Washington.

March 13, 1975.

---

Charles E. Watts, Seattle, Wash., for plaintiff.

Michael R. Rayton, Seattle, Wash., for Chris-Craft of Seattle, Inc. and Dennis Massoth, third-party defendants.

Lyle L. Iversen, Seattle, Wash., for Diamond.

Wallace Aiken, Seattle, Wash., for B. R. and Pat Hansen.

### ORDER GRANTING SUMMARY JUDGMENT

BEEKS, Senior District Judge.

Plaintiff moves for summary judgment on its claim to enforce a maritime lien arising out of repairs performed on the M/V CAMELOT.

In October, 1973, defendant Hansen arranged with third party defendant Chris-Craft of Seattle, Inc., for Chris-Craft, and its employee Dennis Massoth, to act as agent in the sale of Hansen's vessel. In its agency capacity, Chris-Craft negotiated a sale to third party plaintiff Diamond. On August 12, 1974, a bill of sale was executed and the agreed purchase price was paid. Also signed as "accepted" by Hansen on that date was a document entitled "OFFER TO PURCHASE AND SALES AGREEMENT." This document provided, *inter alia*, that

> "The owner(s) is (are) to discharge all liens, mortgages and bills of any kind now held against the vessel, or any which may be later incurred be-

fore passage of title and possession to [purchaser].

\* \* \* \* \* \*

". . . Subject to hull survey before final delivery, . . . [specified repairs to be made] . . . Closing by September 28, 1974."

The document and its appendices also provided that during the period between the sale (August 12, 1974) and the delivery, the seller was to have the use of the vessel, not to exceed 35 hours engine time.

Pursuant to the agreement to deliver the vessel at survey standards, at seller's expense, Chris-Craft, on behalf of its principal, Hansen, contracted with plaintiff for certain repairs. There is no dispute as to the fact that plaintiff performed the repairs in a satisfactory manner, has demanded a reasonable sum in payment, and that payment has not been made.

Plaintiff brought suit *in rem* against the vessel and *in personam* against Hansen for the amount due for the repairs, and the vessel was duly arrested by the U. S. Marshal. Diamond then filed a claim as owner of the vessel, and secured its release by posting the sum of $3,000 in a trust account. Diamond also filed a third party action against Chris-Craft, Massoth and the community of Hansen and wife. Plaintiff then moved for summary judgment on its claim against the vessel and Hansen.

Regardless of the possible existence of valid claims as among Diamond, Massoth, Chris-Craft and the Hansens, the sole issue before the Court on this motion for summary judgment is whether plaintiff's claim is properly enforceable *in rem*. This issue in turn abides the question of whether plaintiff holds a valid maritime lien on the vessel.

Plaintiff relies upon 46 U.S.C. §§ 971, 972. Section 971 provides for the creation of a maritime lien, enforceable *in rem* against the vessel in favor of one "furnishing repairs, supplies . . . to any vessel . . . upon the order of the owner . . . or of a person

authorized by the owner . . ." Section 972 raises a presumption of authority from the owner with regard to "any person to whom the management of the vessel at the port of supply is intrusted." If Hansen was owner, or was authorized by the owner of the vessel to incur a maritime lien against the vessel, then plaintiff's lien is valid.

■ , Diamond asserts in his opposition to plaintiff's motion that Diamond was owner as of August 12, 1974, and that thereafter Hansen had no authority to encumber the vessel. Diamond further asserts that there is present at least an issue of fact as to ownership of the vessel at the time the contract for repairs was entered into, thus rendering summary judgment inappropriate. Viewing the evidence in the record and the inferences that may be drawn therefrom in the light most favorable to Diamond, as I must, it is conceded that an issue of fact possibly exists as to ownership of the vessel at the critical time. However, this in itself is not dispositive of the motion at hand. Whether Diamond or Hansen was owner when plaintiff contracted to repair the vessel, plaintiff holds a valid maritime lien if the person contracting for the repairs, the agent, did so with the authority of the owner.

■ The repairs were contracted for by Massoth. Massoth acted as agent for Chris-Craft, who in turn was agent for Hansen. Diamond was well aware of these agency relationships. Hansen was the principal who contracted with plaintiff for the repairs. Whether Hansen thereby acted for himself as owner, or as one authorized to do so for owner Diamond is irrelevant. Further, the evidence thus far adduced offers nothing to dispute Hansen's authority to contract for repairs and thus incur a maritime lien on the vessel.

■■ First, Hansen had use of the vessel until the time of delivery. Second, he was obligated under the terms of the agreement with Diamond to effect certain repairs on the vessel prior to delivery. He was thus a person to whom

management of the vessel was intrusted at the port of supply within the meaning of § 972. There is consequently a presumption that he was authorized to incur the lien. Nothing in the record rebuts this presumption. Diamond asserts that Hansen's duty to deliver a vessel free of liens precludes any authority in Hansen to incur a maritime lien. Yet the clause in the sales agreement obligates Hansen only to discharge, prior to delivery, any existing liens, "or any which may be later incurred before passage of title *and possession* to [buyer]." [Emphasis added]. This provision seems to clearly contemplate the ability to incur liens, and merely specifies the duty to discharge them before delivery. If this duty was not met it might be the basis of a cause of action by Diamond against Hansen or Chris-Craft, but it does not invalidate plaintiff's lien. The provision is not sufficient to rebut the presumption raised by § 972.

Accordingly, I am of the opinion that no issue of material fact remains to be decided, and that plaintiff is entitled to judgment as a matter of law. Hansen had authority, either as owner or as one acting under a contractual agreement with the owner, to incur a maritime lien against the vessel. Such a lien was incurred and was enforceable by plaintiff against the vessel. Plaintiff duly sought enforcement and had the vessel arrested. Diamond posted security for the release of the vessel, and that security now stands as the *res* in place of the vessel.

Plaintiff's motion for summary judgment is granted, and the judgment may be satisfied from the security that lies in trust. The Court intimates no view on the merits of any pending or potential claims as among Diamond, the Hansens, Massoth and Chris-Craft. I find only that, as a matter of law, plaintiff holds a valid maritime lien against the *res* now within the jurisdiction of the Court, and that plaintiff is entitled to judgment foreclosing that lien and to his taxable costs.

Plaintiff is directed to present decree in accordance herewith.