**REINHOLM CRANE & RIGGING COMPANY, INC., a California Corporation; Walter C. Trumpp & Armand H. Trumpp, d/b/a Trumpp Brothers, a partnership, Plaintiffs,**

v.

**M/V OCEAN CROWN, her engines, tackle, furniture, etc., Defendant,**

and

**Koyo Kisen K.K., Claimant.**

**No. C79–1234B.**

United States District Court, W. D. Washington.

Oct. 19, 1979.

Dwight L. Guy, Bellevue, Wash., Kenneth Nemzer, San Francisco, Cal., for plaintiffs.

Robert W. Nolting of LeGros, Buchanan, Paul & Madden, Seattle, Wash., for defendant and claimant.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

BEEKS, Senior District Judge.

Reinholm Crane and Rigging Co., Inc. (Reinholm) and Walter C. Trumpp & Ar-

mand H. Trumpp, d/b/a Trumpp Brothers (Trumpp), instituted this *in rem* action to enforce maritime liens against M/V OCEAN CROWN. The asserted liens are for stevedoring services allegedly provided to OCEAN CROWN by Reinholm and Trumpp at the Port of Redwood City (Port), California, during April, 1979. Plaintiffs claim they discharged a shipment of cement clinkers owned by Kaiser Cement Corporation (Kaiser) and allege they were not paid for the work.

OCEAN CROWN's owner, Koyo Kisen K.K., (claimant), moves for summary judgment. It contends that plaintiffs' services did not give rise to a maritime lien under §§ P–T of the Ship Mortgage Act, 1920, as amended in 1971, 46 U.S.C. §§ 971–75 (1976). Alternatively, claimant asserts that Kaiser paid the Port in full for plaintiffs' services and thereby extinguished any liens in plaintiffs' favor.

To support its motion, claimant submits a copy of an affidavit by John H. Wimberly, a Kaiser employee.[1] Wimberly suggests that plaintiffs contracted with the Port which was, in turn, authorized to procure stevedoring services under an agreement with and at the direction of Kaiser, the cargo's owner. Plaintiffs do not dispute the fact that their services were requested directly by the Port.

Their opposition to the motion is basically that even assuming the facts asserted by claimant, claimant has failed to show undisputed, material issues of fact which would warrant summary judgment in its favor. I agree.

■ The assertion that no liens arose in plaintiffs' favor is grounded on separate, but related, contentions. First, claimant argues that neither it nor the vessel's charterer ordered or authorized the ordering of the services at issue here. Without such actual or presumed authorization, statutory maritime liens do not exist. 46 U.S.C.

§§ 971–73 (1976). Claimant does not, however, reveal the identity of OCEAN CROWN's charterer or the terms of any relevant charter party. It provides the court with no information as to the relationship, if any, between Kaiser and the operator of the vessel at Redwood City. Moreover, movant's unelaborated conclusion that Kaiser neither chartered the vessel nor otherwise acted as its agent ignores the obvious possibilities of liens based on implied authorization or ratification. *Jan C. Uiterwyk Co., Inc. v. MV Mare Arabico*, 459 F.Supp. 1325, 1331–32 (D.Md.1978). Between April 10, 1979 and April 23, 1979, plaintiffs discharged in excess of twenty-one thousand metric tons of cement clinker from OCEAN CROWN's holds. Nothing in the record indicates any objections by the vessel's master, owner, and/or charterer to plaintiffs' necessarily obvious and prolonged activities. These circumstances suffice to raise material issues of mixed fact and law which preclude entry of summary judgment against plaintiffs.

Next, claimant argues that the presumptive authority concept in 46 U.S.C. § 972 (1976) has no application to this case since neither Kaiser nor the Port are among the functionaries mentioned in that section. Again, claimant has failed to provide enough information to enable the court to make such a determination of the merits. Claimant's own version of the facts lends itself, as easy as not, to the conclusion that Kaiser was entrusted with management of the vessel since it, alone, initiated and affected disposition of OCEAN CROWN's Redwood City cargo. The fact that plaintiffs dealt with Kaiser's intermediary, the Port, rather than with Kaiser directly does not preclude the existence of maritime liens. *Shaw v. 46–Foot Chris-Craft Camelot*, 391 F.Supp. 1026, 1028 (W.D.Wash. 1975).

---

1. Although Wimberly's original affidavit was not filed, the court will nevertheless assume, for purposes of claimant's motion, that the undisputed statements of fact contained in the copy are true. Those portions of the "affidavit," however, which are either based on information or belief, merely state legal conclusions, or are otherwise improper, have been disregarded by the court.

While the court may very well determine after "fair consideration of the totality of the circumstances," that plaintiffs lack any liens against the vessel, *Atlantic & Gulf Stevedores, Inc. v. MV Grand Loyalty*, 608 F.2d 197, 202 (5th Cir. 1979), the issue cannot be resolved on the scant materials before me. Accordingly, claimant's motion for summary judgment is denied.[2]

---

2. Claimant's assertion that Kaiser's payment to the Port discharges plaintiffs' asserted liens is also without merit. Authority has not been offered and I have found none for the proposition that payment to one ordering necessaries for a vessel, rather than to the supplier of the necessaries, discharges the latter's lien under the Ship Mortgage Act, 1920. Claimant has simply failed to establish that the debt underlying plaintiffs' claims has been satisfied.

Likewise, plaintiffs' suggestion that claimant's motion was not brought in good faith is without basis. The invitation to impose Fed.R. Civ.Proc. 56(g) sanctions is declined.